## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KILEY WOLFE,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 07 - 348 |
| | : | |
| **MCNEIL-PPC, INC.; MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a division of MCNEIL-PPC, INC.; MCNEIL CONSUMER HEALTHCARE, a division of MCNEIL PPC, INC.; JOHNSON & JOHNSON, INC.; and JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW**, this 3rd day of May 2011, upon consideration of Defendants' Motion to Exclude Expert Testimony of Dr. Moshe Arditi (Document No. 55, filed August 27, 2010), Plaintiff's Answer in Opposition to Defendants' Motion to Exclude the Expert Testimony of Moshe Arditi, M.D. (Document No. 67, filed September 27, 2010), Reply in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Moshe Arditi (Document No. 107, filed October 20, 2010), Defendant's Motion to Exclude Expert Testimony of Dr. Marvin E. Goldberg, Dr. Laura Bix, and Dr. George M. Samaras (Document No. 56, filed August 27, 2010), Plaintiff's Answer in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. Marvin E. Goldberg, Dr. Laura Bix, and Dr. George M. Samaras (Document No. 84, filed September 27,

2010), Reply in Support Defendants' Motion to Exclude Expert Testimony of Dr. Marvin E. Goldberg and Dr. Laura Bix (Document No. 109, filed October 20, 2010), Defendants' Motion to Exclude the Expert Testimony of Lorraine E. Buchanan, R.N. and to Limit the Testimony of Royal Bunin, MBA (Document No. 57, filed August 27, 2010), Plaintiff's Response in Opposition to Defendants' Motion to Exclude the Testimony of Plaintiff's Life Care Expert, Lorraine E. Buchanan, R.N. and to Limit the Testimony of Plaintiff's Economist Royal Bunin, MBA (Document No. 78, filed September 27, 2010), Defendants' Motion to Exclude Expert Testimony of Dr. Philip Rosenthal (Document No. 58, filed August 27, 2010), Plaintiff's Answer in Opposition to Defendants' Motion to Exclude Expert Testimony of Philip Rosenthal, M.D. (Document No. 100, filed October 14, 2010), Reply in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Philip Rosenthal (Document No. 106, filed October 20, 2010), Plaintiff's Sur-Reply in Opposition to Defendants' Motion to Exclude the Expert Testimony of Philip Rosenthal, M.D. (Document No. 119, filed November 15, 2010), Defendants' Motion to Exclude Expert Testimony of Dr. Talal Chatila (Document No. 59, filed August 27, 2010), Plaintiff's Answer in Opposition to Defendants' Motion to Exclude Expert Testimony of Talal Chatila, M.D. (Document No. 101, filed October 14, 2010), Reply in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Talal Chatila (Document No. 108, filed October 20, 2010), Defendants' Motion to Exclude Expert Testimony of Dr. George M. Samaras (Document No. 131, filed February 28, 2011), Plaintiff's Answer in Opposition to Defendants' Motion to Exclude Expert Testimony of Dr. George M. Samaras (Document No. 140, filed March 30, 2011), Defendants' Reply in Support of Motion to Exclude Expert Testimony of George M. Samaras, PH.D. (Document No. 149, filed April 11, 2011), Plaintiff's Motion to Preclude Expert Testimony of Dr. Maja Mockenhaupt (Document No. 128, filed February 28, 2011), Plaintiff's Motion to Preclude

Expert Testimony of Dr. Maja Mockenhaupt (Document No. 133, filed March 3, 2011),[1] Defendants' Opposition to Plaintiff's Motion to Preclude Expert Testimony of Dr. Maja Mockenhaupt (Document No. 141, filed March 30, 2011), Plaintiff's Motion to Preclude the Expert Testimony of Margaret Fisher, M.D. (Document No. 129, filed February 28, 2011), Plaintiff's Motion to Preclude the Expert Testimony of Margaret Fisher, M.D. (Document No. 132, filed March 3, 2011),[2] Defendants' Opposition to Plaintiff's Motion to Preclude Expert Testimony of Dr. Margaret Fisher (Document No. 142, filed March 30, 2011), Plaintiff's Motion to Preclude Expert Testimony of Elizabeth Rand, M.D. (Document No. 130, filed February, 28, 2011), Plaintiff's Motion to Preclude Expert Testimony of Elizabeth Rand, M.D. (Document No. 134, filed March 3, 2011),[3] and Defendants' Opposition to Plaintiff's Motion to Preclude Expert Testimony of Dr. Elizabeth Rand (Document No. 143, filed March 30, 2011), for the reasons set forth in the Memorandum dated May 3, 2011, **IT IS ORDERED** as follows:

1. Defendants' Motion to Exclude Expert Testimony of Dr. Moshe Arditi (Document No. 55, filed August 27, 2010) is **DENIED**;

2. Defendant's Motion to Exclude Expert Testimony of Dr. Marvin E. Goldberg, Dr. Laura Bix, and Dr. George M. Samaras (Document No. 56, filed August 27, 2010) is **GRANTED IN PART, DENIED AS MOOT IN PART** and **DENIED IN PART**, as follows:

   a. Those parts of the motion that address the testimony of Dr. Marvin E.

---

[1] Documents No. 128 and 133 are identical.

[2] Documents No. 129 and 132 are identical.

[3] Documents No. 130 and 134 are identical.

-3-

>   Goldberg and the testimony of Dr. Laura Bix relating to the FDA's funding and staffing levels are **GRANTED**;
>
>   b.  That part of the motion that addresses the testimony of Dr. George M. Samaras is **DENIED AS MOOT**, as the Court covers defendants' separate motion to exclude Dr. Samaras's testimony in ¶ 6, <u>infra</u>; and
>
>   c.  The motion is **DENIED** in all other respects;
>
> 3. Defendants' Motion to Exclude the Expert Testimony of Lorraine E. Buchanan, R.N. and to Limit the Testimony of Royal Bunin, MBA (Document No. 57, filed August 27, 2010) is **DENIED**;
>
> 4. Defendants' Motion to Exclude Expert Testimony of Dr. Philip Rosenthal (Document No. 58, filed August 27, 2010) is **DENIED**;
>
> 5. Defendants' Motion to Exclude Expert Testimony of Dr. Talal Chatila (Document No. 59, filed August 27, 2010) is **DENIED**;
>
> 6. Defendants' Motion to Exclude Expert Testimony of Dr. George M. Samaras (Document No. 131, filed February 28, 2011) is **GRANTED IN PART** and **DENIED IN PART**, as follows:
>
>   a.  Those parts of the motion that address Dr. Samaras's opinions that 1) the FDA's funding levels impede its ability to properly perform its duties, 2) ibuprofen is "dangerous" and "known to cause catastrophic illnesses," and 3) labeling of Children's Motrin was driven by McNeil's sales and marketing function are **GRANTED**; and
>
>   b.  The motion is **DENIED** in all other respects;

7. Plaintiff's Motion to Preclude Expert Testimony of Dr. Maja Mockenhaupt (Document No. 128, filed February 28, 2011) is **DENIED**;

8. Plaintiff's Motion to Preclude Expert Testimony of Dr. Maja Mockenhaupt (Document No. 133, filed March 3, 2011) is **DENIED**;

9. Plaintiff's Motion to Preclude the Expert Testimony of Margaret Fisher, M.D. (Document No. 129, filed February 28, 2011) is **DENIED**;

10. Plaintiff's Motion to Preclude the Expert Testimony of Margaret Fisher, M.D. (Document No. 132, filed March 3, 2011) is **DENIED**;

11. Plaintiff's Motion to Preclude Expert Testimony of Elizabeth Rand, M.D. (Document No. 130, filed February, 28, 2011) is **DENIED**; and

12. Plaintiff's Motion to Preclude Expert Testimony of Elizabeth Rand, M.D. (Document No. 134, filed March 3, 2011) is **DENIED**.

**IT IS FURTHER ORDERED** that, after review of all the motion papers, the Court concludes that no Daubert hearings are necessary.

**IT IS FURTHER ORDERED** that the issuance of this Order is without prejudice to the rights of the losing party to:

1. seek reconsideration at or before trial of any part of this Order, if warranted by the evidence; or

2. object at trial to improper questions of, and inadmissible evidence offered by or through, any testifying expert.

                                                             **BY THE COURT:**

                                                            /s/ Hon. Jan E. DuBois
                                                           **JAN E. DUBOIS, J.**